IN THE SUPREME COURT OF THE STATE OF DELAWARE

RICHARD BROUSELL, § 
§ No. 45, 2022
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
DELAWARE BOARD OF §
MENTAL HEALTH AND §
CHEMICAL DEPENDENCY § C.A. No. N20A-01-002
PROFESSIONALS, §
§
Appellee. §

Submitted: February 18, 2022
Decided: February 23, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On February 10, 2022, the appellant, Richard Brousell, filed a notice of appeal from the Superior Court's April 14, 2021 opinion affirming the decision of the Delaware Board of Mental Health and Chemical Dependency Professionals to revoke Brousell's license to practice as a professional counselor of mental health. Supreme Court Rule 6 provides that a civil appeal must be filed within thirty days of the lower court's order.[1]

---

[1] Del. Supr. Ct. R. 6(a)(i).

(2)     The Senior Court Clerk issued a notice directing Brousell to show cause why his appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Brousell states that (i) he believed he needed an attorney to file an appeal and he was unable to find—or afford—one within the thirty-day appeal window and (ii) he lacked the funds to pay the Court's filing fee.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Rule 6.[4]  Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(4)     As a preliminary matter, we note that the Court may authorize the commencement of an appeal without the prepayment of fees if a party claiming to be indigent files an application with the Court.[6]   In any event, Brousell does not allege that his failure to file a timely notice of appeal in this case is attributable to court-related personnel.  Consequently, this case does not fall within the exception

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] Del. Supr. Ct. R. 20(h).

to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice